IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ANTHONY JONES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0036-K |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Mark Anthony Jones, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

On September 17, 1993, petitioner was released to mandatory supervision after serving part of a 25-year prison sentence on a Dallas County, Texas conviction for unauthorized use of a motor vehicle ("UMV"). While out on release, petitioner was charged with theft in Dallas County and burglary of a building in Collin County, Texas. He was convicted of both charges and returned to TDCJ-ID custody on June 16, 1997 with credit allowed from May 24, 1997. However, a revocation hearing was not held until March 30, 2004. At that time, petitioner's mandatory supervision was revoked based on his new convictions. Petitioner was denied credit on his UMV sentence for the time he was out on release and forfeited all good time credits earned prior to his release in 1993. Petitioner challenged this action in an application for state post-conviction relief. The application was denied without written order. *Ex parte Jones*, No. 60,014-01 (Tex. Crim. App. Nov. 3, 2004).

Petitioner then filed this action in federal court.

II.

Petitioner raises three broad arguments in four grounds for relief. Succinctly stated, petitioner contends that: (1) the seven-year delay in holding a parole revocation hearing violated his right to due process; (2) he is entitled to credit on his sentence from June 16, 1997, the date he was readmitted to TDCJ-ID custody, until March 30, 2004, the date his mandatory supervision was revoked; and (3) he is entitled to good time credits earned from 1997 to the present.

A.

As a preliminary matter, respondent argues that petitioner's due process claim is procedurally barred from federal habeas review. A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982). Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[1] This statute constitutes an adequate

---

[1] The statute provides, in relevant part, that:

>    (a)    If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
>           (1)    the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
>           (2)    by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt . . .

state procedural bar for purposes of federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995). The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

In his state writ, petitioner challenged the forfeiture of good time credits earned prior to his release and sought credit on his 25-year UMV sentence for time spent in custody after his arrest on new charges. However, petitioner never complained about the seven-year delay in holding a parole revocation hearing. (*See* St. Hab. Tr. at 2-11).[2] No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with this claim in a successive habeas petition, likely would find it barred under article 11.07. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

B.

In two related grounds, petitioner seeks: (1) credit on his sentence from June 16, 1997, the

---

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

[2] In an earlier state post-conviction proceeding, petitioner argued that the failure to conduct a parole revocation hearing within 120 days of his arrest violated the plea agreement with the state in his burglary case. However, that proceeding challenged the validity of petitioner's burglary conviction, not his parole revocation. *See Ex parte Jones*, No. 54,845-01 (Tex. Crim. App. Feb. 19, 2003). "Where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001), *quoting Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 736 (1984). *See also Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made."). The court therefore concludes that petitioner's due process claim was not "fairly presented" to the state court for review.

date he was readmitted to TDCJ-ID custody, until March 30, 2004, the date his mandatory supervision was revoked; and (2) good time credits from 1997 to the present. The court initially observes that petitioner does not appear to challenge the denial of sentence credits from September 17, 1993, the date he was released to mandatory supervision, to June 16, 1997, the date he returned to TDCJ-ID custody. Nor does he seek reinstatement of good time credits earned prior to his release in 1993.[3] Rather, petitioner appears to limit his sentence credit claim to flat time and good time credits earned *after* he was readmitted to TDCJ-ID custody in June 1997. With respect to that claim, the court notes that petitioner has been given all the sentence credits he seeks. In a letter dated April 20, 2005, Paul Wilder, Administrative Assistant to the TDCJ State Classification Committee, explains that at the time of his readmission to TDCJ-ID on June 16, 1997, "the offender was charged as out of custody for a period of 3-years 4-months 18-days for an unsatisfactory term of parole." (Resp. Ans., Exh. A). That "out-of-custody" period equates to the time between September 17, 1993, the date petitioner was released to mandatory supervision, and February 15, 1997, the date he was arrested for theft and booked into the Dallas County Jail. Thereafter, an adjustment was made to change the jail date to May 24, 1997. (*Id.*). TDCJ records now show that petitioner was "out-of-custody" for a total of 1,334 days. (*Id.*, Exh. D). In addition, petitioner has been receiving good time credits since May 24, 1997. (*Id.*, Exh. A). It therefore appears that petitioner has been given all the flat time and good time credits on his 25-year UMV sentence to which he is entitled.

## **RECOMMENDATION**

---

[3] To the extent petitioner seeks credit on his sentence for time spent while out on parole and good time credits earned prior to his release, such a claim is without merit. The relevant statute in effect at the time the underlying offense was committed provides, in relevant part, that "[w]hen the Governor revokes a person's parole . . . [he] may be required to serve the portion remaining of the sentence on which he was released, *such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation*." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22 (Vernon 1979), *now* TEX. GOV'T CODE ANN. § 508.156(e) (Vernon 1998) (emphasis added). In addition, state law allows for the forfeiture of previously earned good time credits "[u]pon revocation of parole or mandatory supervision." *See* TEX. REV. CIV. STAT. ANN. art. 6181-1 (Vernon 1977), *now* TEX. GOV'T CODE ANN. § 498.004(b). *See also Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (good time credit is not a right, but a privilege which may be forfeited).

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE